POLEN, J.
 

 Appellants, Barbara Hale and Sandra Segal, appeal the trial court’s order granting State Farm Insurance Company’s motion for final summary judgment. The trial court entered the order after determining that State Farm had no duty to defend or indemnify Hale and Segal in the underlying action in which their sister-in-law, Doris Wohl, sued both Hale and Segal for defamation and tortious interference with contract, and sued Segal for civil assault and civil battery.
 

 In June 2008, Doris Wohl filed her second amended complaint in which she alleged that her sisters-in-law, Hale and Segal, “knowingly and/or negligently” communicated false accusations and false statements of fact regarding Wohl to Wohl’s employer, to Wohl’s husband’s attorney, and to the police. These accusations included that Wohl was “dangerous,” “psychotic,” “deranged,” and a thief. Wohl charged that Hale and Segal had made the statements in an effort to damage Wohl’s position and reputation with her employer and to get her arrested by the police.
 

 Both Hale and Segal had separate but identical homeowners’ insurance policies with State Farm. Hale also had a personal liability umbrella policy with State Farm. State Farm brought an action for declaratory judgment to determine whether it had a duty to defend or indemnify Hale and Segal and later moved for final
 
 *1171
 
 summary judgment in the declaratory action. Following a hearing, the trial court entered final summary judgment finding that State Farm had no duty to defend or indemnify Hale and Segal under their respective policies as the complaint was replete with allegations of intentional acts.
 

 A trial court’s order entering final summary judgment is reviewed de novo.
 
 Allenby &
 
 Assocs.,
 
 Inc. v. Crown St. Vincent Ltd.,
 
 8 So.3d 1211, 1213 (Fla. 4th DCA 2009). The court’s interpretation of an insurance policy is also subject to de novo review.
 
 Amerisure Ins. Co. v. Gold Coast Marine Distrib., Inc.,
 
 771 So.2d 579, 582 (Fla. 4th DCA 2000).
 

 Insurance contracts are construed in accordance with the plain language of their provisions.
 
 Auto-Owners Ins. Co. v. Anderson,
 
 756 So.2d 29, 34 (Fla.2000). Where the pertinent policy language is susceptible to multiple reasonable interpretations, however, the policy is ambiguous and should be interpreted liberally in favor of the insured and strictly against the insurer.
 
 Id.
 
 Ambiguous policy exclusions are construed even more strictly against the insurer than coverage clauses.
 
 Id.
 

 We agree with the trial court that there is no coverage under the homeowners policies. However, we hold that the trial court erred in determining that there was no duty to defend under the umbrella policy, and thus, we reverse and remand for State Farm to defend Hale.
 

 An insurer’s duty to defend its insured is separate from and broader than its duty to indemnify the insured.
 
 Keen v. Fla. Sheriffs’ Self-Ins. Fund,
 
 962 So.2d 1021, 1024 (Fla. 4th DCA 2007). “The existence of a duty to defend is determined based on only the allegations of the underlying complaint.”
 
 Id.
 
 “If the complaint alleges facts that could bring the insured partially within coverage of the policy, the insurer is obligated to defend the entire suit.”
 
 MCO Envtl., Inc. v. Agric. Excess & Surplus Ins. Co.,
 
 689 So.2d 1114, 1116 (Fla. 3d DCA 1997).
 

 At the very least, State Farm has a duty to defend Hale in the present case and must defend her against all claims. Hale’s umbrella policy limits its coverage for personal liability to a “loss,” which is an accident resulting in personal injury or property damage. The policy specifically includes defamation in the definition of personal injury. At the same time, the policy does not provide insurance for personal injury when the insured acts with specific intent to cause harm or injury. Wohl’s complaint alleges that the defamation was done “knowingly and/or negligently,” and the factual allegations do not clearly exclude the incident from coverage. Accordingly, whether the loss in the instant case would be covered by the umbrella policy depends on whether Hale acted intentionally or negligently, which is an issue of fact for the jury. We reverse and remand for proceedings consistent with this opinion.
 

 Reversed and Remanded.
 

 WARNER and LEVINE, JJ., concur.