ON APPELLEES’ MOTION FOR REHEARING OR CLARIFICATION
 

 GERBER, J.
 

 We deny appellees’ motion for rehearing, but grant appellees’ motion for clarification. We have revised the last two paragraphs of our April 6, 2011 opinion accordingly. For ease of reference, we replace our April 6, 2011 opinion with the following.
 

 The plaintiffs, as assignees, sued the defendant insurance agents for negligence and breach of fiduciary duty for failing to obtain coverage for their assignor. The
 
 *856
 
 circuit court dismissed the action on the ground that the statute of limitations period expired before the plaintiffs sued the agents. We reverse. Accepting the plaintiffs’ allegations as true, the limitations period had not expired before the plaintiffs sued the agents.
 

 We first summarize the alleged facts.
 
 See Edwards v. Landsman,
 
 51 So.3d 1208, 1213 (Fla. 4th DCA 2011) (“In reviewing an order granting a motion to dismiss ... [a] court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true.”) (internal quotations and citations omitted).
 

 A private school’s insurer informed the school and the school’s insurance agents that it would not renew the school’s casualty policy, which would lapse on March 1, 2004 at 12:01 a.m. The agents received a commitment from a second insurer which was willing to issue the school a new policy with an effective date of March 1, 2004 at 12:01 a.m. The second insurer required the agents to provide written confirmation indicating that the school desired the policy. However, the agents failed to provide such written confirmation to the second insurer. As a result, the school became uninsured on March 1, 2004 at 12:01 a.m.
 

 On the morning of March 1, 2004, the second insurer notified the agents that even though the previous policy lapsed, it still would provide coverage if the agents provided a written statement that no claim or accident had occurred during the twelve to fourteen hours after the policy lapsed. The agents failed to provide such a written statement to the second insurer.
 

 During the afternoon of March 1, 2004, a student from the school was injured due to the alleged negligence of one of the school’s employees. The school immediately contacted the agents to advise them of the incident. The agents advised the school that it had no coverage.
 

 On April 20, 2005, the student and her mother (“the plaintiffs”) sued the school and the employee for injuries suffered as a result of the incident. On January 8, 2009, the plaintiffs, the school, and the employee entered into a stipulation for settlement. The settlement provided that the plaintiffs would obtain a $500,000 final judgment against the school and the employee. The plaintiffs, however, agreed to forego payment by the school and the employee of the final judgment. Instead, the school and the employee assigned to the plaintiffs all causes of action for damages which the school and the employee had against the agents for the agents’ alleged negligence or breach of fiduciary duty in failing to obtain coverage for the school. The assignment described those damages as the $500,000 final judgment amount. The assignment excluded the right to recover the attorney’s fees and costs which the school and the employee incurred in defense of the plaintiffs’ suit.
 

 On January 8, 2009, the circuit court entered the $500,000 final judgment in favor of the plaintiffs and against the school and the employee. On February 9, 2009, the plaintiffs, as assignees, sued the agents for negligence and breach of fiduciary duty for failing to obtain coverage for the school. The plaintiffs sought to recover the $500,000 final judgment amount from the agents.
 

 The agents moved to dismiss the complaint with prejudice. They argued that the four-year statute of limitations period commenced on March 1, 2004, when the school discovered it lacked coverage, and that more than four years passed before the plaintiffs sued the agents on February 9, 2009. The plaintiffs responded that the limitations period commenced when the final judgment was entered on January 8,
 
 *857
 
 2009, and so they sued the agents within the limitations period.
 

 The circuit court granted the motion to dismiss without prejudice. The court found that the limitations period commenced on March 1, 2004, when the school was advised that it lacked coverage. The court concluded that because the plaintiffs did not file their complaint against the agents until February 9, 2009, the statute of limitations barred their claims.
 

 The plaintiffs filed an amended complaint. The amended complaint added two material allegations: (1) before the plaintiffs filed the underlying suit, the school and the employee had not incurred any damages as a result of the plaintiffs’ claim; and (2) after the plaintiffs filed the underlying suit, the school and the employee incurred damages by being forced to retain counsel to defend them against the plaintiffs’ claim.
 

 The agents moved to dismiss the amended complaint with prejudice. The agents again argued that the four-year limitations period commenced on March 1, 2004, when the school discovered it lacked coverage, and that more than four years passed before the plaintiffs sued the agents on February 9, 2009. The plaintiffs responded that the limitations period did not commence until the school and the employee incurred damages. Thus, according to the plaintiffs, the limitations period had not expired before they sued the agents on February 9, 2009.
 

 A successor court granted the motion to dismiss the amended complaint with prejudice. The successor court stood by the previous court’s ruling that the limitations period commenced on March 1, 2004.
 

 The plaintiffs then filed this appeal. Our review is de novo.
 
 See Edwards,
 
 51 So.3d at 1213 (“A trial court’s order granting a motion to dismiss is reviewed de novo.”);
 
 Fox v. Madsen,
 
 12 So.3d 1261, 1262 (Fla. 4th DCA 2009) (“ ‘A legal issue surrounding a statute of limitations question is an issue of law subject to de novo review.’ ”) (citation omitted).
 

 Under the statute of limitations, actions for negligence or breach of fiduciary duty must be commenced within four years of when the cause of action accrued. § 95.11(3)(a), (p), Fla. Stat. (2009). “A cause of action accrues when the last element constituting the cause of action occurs.” § 95.031(1), Fla. Stat. (2009). The last element constituting a cause of action for negligence or breach of fiduciary duty is the occurrence of damages.
 
 See Clay Elec. Coop., Inc. v. Johnson,
 
 873 So.2d 1182, 1185 (Fla.2003) (traditionally, a cause of action based on negligence comprises four elements: duty, breach, proximate cause, and actual loss or damage) (citation omitted);
 
 Gracey v. Eaker,
 
 837 So.2d 348, 353 (Fla.2002) (“The elements of a claim for breach of a fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiffs damages.”). Thus, “the issue of when legally cognizable damages occurred is dispositive of this case.”
 
 Kellermeyer v. Miller,
 
 427 So.2d 343, 345 (Fla. 1st DCA 1983).
 

 The plaintiffs argue that the damages to the school and the employee occurred at the earliest on April 20, 2005, when the school and the employee were forced to defend themselves against the plaintiffs’ claim. In the alternative, the plaintiffs argue that the damages to the school and the employee occurred at the latest on January 9, 2009, when the final judgment was entered against the school and the employee. Under either date, the plaintiffs argue, the four-year limitations period had not expired before they sued the agents on February 9, 2009.
 

 
 *858
 
 The agents argue that damages to the school and the employee occurred on March 1, 2004, when the school discovered it lacked coverage. Thus, according to the agents, the four-year limitations period expired before the plaintiffs sued the agents on February 9, 2009.
 

 Limiting our review to the four corners of the amended complaint, we agree with the plaintiffs to the extent they argue that damages to the school and the employee first occurred on April 20, 2005, when the school and the employee were forced to defend themselves against the plaintiffs’ claim. At that time, if the school had coverage with the second insurer, then the plaintiffs’ suit against the school and the employee would have triggered the second insurer’s duty to defend the school and the employee.
 
 See Hale v. State Farm Fla. Ins. Co.,
 
 51 So.3d 1169, 1171 (Fla. 4th DCA 2010) (“ ‘The existence of a duty to defend is determined based on only the allegations of the underlying complaint. If the complaint alleges facts that could bring the insured partially within coverage of the policy, the insurer is obligated to defend the entire suit.’ ”) (internal quotations and citation omitted). Because the school and the employee did not have the second insurer to defend them, they were forced to defend themselves against the plaintiffs’ claim and thereby incurred damages. Once the school and the employee incurred damages, the four-year limitations period commenced.
 

 We disagree with the plaintiffs to the extent they argue, in the alternative, that the school and the employee did not suffer damages until January 8, 2009, when the final judgment was entered against the school and the employee. As our supreme court stated in
 
 City of Miami v. Brooks,
 
 70 So.2d 306 (Fla.1954):
 

 The general rule, of course, is that where an injury, although slight, is sustained in consequence of the wrongful act of another, and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all the damages resulting from the act shall have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date.
 

 Id.
 
 at 308. Here, according to the amended complaint, the injury to the school and the employee in consequence of the agents’ alleged wrongful acts first was sustained when the school and the employee were forced to retain counsel to defend them against the plaintiffs’ claim. At that time, the statute of limitations attached. The running of the statute was not postponed by the fact that all the damages resulting from the agents’ alleged wrongful acts did not occur until the final judgment was entered on January 8, 2009.
 
 [1]
 

 We disagree with the agents’ argument that damages to the school and the employee occurred on March 1, 2004, when the school discovered that it lacked coverage. Nowhere does the amended complaint allege that, upon the school’s discovery that it lacked coverage, the school and the employee immediately defended themselves against the plaintiffs’
 
 possible
 
 claim. Rather, the amended complaint alleges
 
 *859
 
 that the school and the employee retained counsel to defend them only after the plaintiffs filed the underlying suit. If the school and the employee took no action to defend themselves against the plaintiffs’ possible claim, and if the plaintiffs never sued them, then the school and the employee would not have suffered any damages. “[T]he mere possibility of damage at a later date” is insufficient to commence the limitations period.
 
 Kellermeyer,
 
 427 So.2d at 346-47;
 
 accord Zuckerman v. Ruden, Barnett, McCloskey, Smith, Schuster & Russell, P.A.,
 
 670 So.2d 1050, 1051 (Fla. 3rd DCA 1996) (“[Mjere knowledge of possible malpractice is not dispositive of when a malpractice action accrues. Rather, the test for determining when a legal malpractice cause of action has accrued is based upon the establishment of redressable harm.”) (internal citation omitted).
 

 By our ruling today, however, we do not mean to suggest that, as a matter of law, the limitations period for an action against an agent for failing to obtain insurance can never commence until the underlying plaintiff sues the party lacking insurance. Rather, we recognize, as a factual matter, that situations may occur in which the party lacking insurance takes immediate steps to defend itself against the underlying plaintiffs possible suit. For example, the party lacking insurance immediately may retain counsel or may undertake its own investigation by taking witness statements, photographs, and other actions to preserve evidence. In such situations, the agent may be able to argue that the party incurring such fees and costs has suffered “an injury, although slight” for which “the statute of limitations attache[d] at once.”
 
 City of Miami,
 
 70 So.2d at 308. If such allegations appear on the face of the complaint, then a motion to dismiss based on the expiration of the limitations period may be granted.
 
 Aquatic Plant Mgmt, Inc. v. Paramount Eng’g, Inc.,
 
 977 So.2d 600, 604 (Fla. 4th DCA 2007) (citation omitted). However, if such allegations do not appear on the face of the complaint, but discovery reveals the existence of such evidence, then a motion for summary judgment based on a statute of limitations affirmative defense may be granted instead. Applied to this case, the agents may contest the plaintiffs’ allegation that the school and the employee first incurred damages when the plaintiffs filed the underlying suit on April 20, 2005, and may pursue a statute of limitations defense if their discovery reveals evidence to support such a defense.
 

 For now, however, such a defense does not appear on the face of the amended complaint. Instead, the amended complaint alleges that the school and the employee incurred damages only after the plaintiffs filed the underlying suit. Thus, the agents’ motion to dismiss based on the expiration of the limitations period was improper. We reverse the court’s order granting the motion to dismiss the amended complaint.
 
 [2]
 

 Reversed.
 

 GROSS, C.J., and STEVENSON, J„ concur.
 

 [1]
 

 . Further, it is immaterial that the assignment from the school and the employee to the plaintiffs excluded the right to recover the damages which the school and the employee incurred in defense of the plaintiffs' suit. "It is fundamental that the assignee of a ... nonnegotiable chose in action occupies the same position as its assignor and is subject to the same equities, conditions
 
 and defenses
 
 that could have been asserted against the assign- or.”
 
 Fred S. Conrad Constr. Co. v. Exch. Bank of St. Augustine,
 
 178 So.2d 217, 219 (Fla. 1st DCA 1965) (emphasis added).
 

 [2]
 

 . We find inapplicable here our supreme court's opinion in
 
 Blumberg v. USAA Casualty Insurance Co.,
 
 790 So.2d 1061 (Fla.2001). There, the court held that the limitations period for a negligence action against an insurance agent for failure to procure insurance did not accrue until an underlying proceeding to determine whether coverage existed be
 
 *860
 
 came final. Here, there was no underlying proceeding to determine whether coverage existed because it is undisputed that coverage did not exist for the plaintiffs' underlying claim. Therefore, as mentioned above, "the issue of when legally cognizable damages occurred is dispositive of this case.”
 
 Kellermeyer,
 
 427 So.2d at 345.