PER CURIAM.
Medical Data Systems, Inc. (“appellant”) appeals from a final summary judgment entered in favor of appellee, American Professional Liability Underwriters, Inc. (“APLU”), on the ground that the statute of limitations had run. We find that the statute of limitations had not run and, as such, we reverse.
Appellant, a nationwide medical debt collector, relied on Coastal Insurance Group and its agent Thomas Webb to obtain liability coverage appropriate for its needs. The policy for 2006-2007 issued by Illinois Union for appellant’s benefit excluded liability coverage for debt collection activities. Beginning in April 2006, lawsuits were filed against appellant for claims arising out of violations of the Fair Debt Collection Practices Act. Appellant retained counsel to defend against the claims and received a bill on June 1, 2006 for work performed during the previous month. Illinois Union denied coverage under the insurance policy in September 2006. The underlying claims were settled in June 2008.
In November 2009, appellant filed a complaint against Coastal and its agent for negligence in failing to obtain appropriate insurance coverage. On August 25, 2010, appellant filed an amended complaint, adding APLU as a defendant. The amended complaint alleged that Coastal retained the services of APLU as a broker to procure the Illinois Union policy.
APLU moved for summary judgment, alleging that appellant’s cause of action against APLU was barred by the four-year statute of limitations. Relying on Kelly v. Lodwick, 82 So.3d 855 (Fla. 4th DCA 2011), APLU asserted that appellant’s cause of action accrued when appellant retained counsel and first started paying legal fees in June 2006.
Appellant filed a memorandum in opposition to the motion for summary judgment, asserting that the statute of limitations had not run. Relying on Blumberg v. USAA Casualty Insurance Co., 790 So.2d 1061 (Fla.2001), appellant argued, inter alia, that the statute of limitations to bring a negligence action against APLU did not begin to run until June 2008, when the underlying claims for violation of the Fair Debt Collection Practices Act were settled.
The trial court entered summary judgment in favor of APLU, finding that the statute of limitations had run under Kelly. Appellant appealed.
*396 An order granting summary judgment is reviewed de novo. Fla. Atl. Univ. Bd. of Trs. v. Lindsey, 50 So.3d 1205, 1206 (Fla. 4th DCA 2010) (citation omitted). “A legal issue surrounding a statute of limitations question is an issue of law subject to de novo review.” Fox v. Madsen, 12 So.3d 1261, 1262 (Fla. 4th DCA 2009) (citation omitted).
Under the statute of limitations, a negligence action must be commenced within four years of when the cause of action accrued. § 95.11(3)(a), Fla. Stat. (2009). “A cause of action accrues when the last element constituting the cause of action occurs.” § 95.031(1), Fla. Stat. (2009). The last element of a cause of action based on negligence is actual loss or damage. Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla.2003).
The trial court based its decision to enter summary judgment on Kelly. In Kelly, a school became uninsured after its insurance agents failed to obtain a new insurance policy. On March 1, 2004, a student was injured due the alleged negligence of a school employee. On April 20, 2005, the student sued the school. As part of a settlement agreement, the student obtained the right to sue the agents for negligence and breach of fiduciary duty for failure to obtain coverage for the school. The student brought suit against the agents on February 9, 2009, alleging that the school and employee first incurred damages when they were forced to retain counsel to defend themselves. The trial court dismissed the complaint on the grounds that the four-year limitations period had run. In reversing, this court concluded that, based on the allegations of the complaint, the statute of limitations did not begin to run until April 20, 2005, when the school and employee were forced to defend against the student’s claim.
Kelly is procedurally distinguishable because there, in ruling on the motion to dismiss, the trial court was bound by the specific facts alleged in the complaint. In contrast, because the present case involves summary judgment, the trial court was not limited to the specific facts alleged in the complaint. Additionally, Kelly is factually distinguishable because in Kelly there was no insurance policy in effect. Here, in contrast, appellant had an insurance policy, but the policy did not provide the necessary coverage. For this reason, the present case is more analogous to Blumberg.
In Blumberg, a burglar broke into a home on November 9, 1991, and stole sports cards. The insurer denied coverage, and the homeowner filed suit against the insurer for breach of contract. In August 1996, the trial court entered a judgment in favor of the insurer because the policy did not cover the loss of the cards. The homeowner then filed suit against the insurance agent for negligence in procuring insurance. The trial court granted summary judgment in favor of the agent, finding that the statute of limitations had run. The supreme court found that the limitations period for the negligence action against the agent did not accrue until the insurance proceeding was final. The supreme court explained that “in the circumstances presented here, a negligence/malpractice cause of action accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings or, if there are no related or underlying judicial proceedings, when the client’s right to sue in the related or underlying proceeding expires.” 790 So.2d at 1065.
Applying Blumberg to the present case, the cause of action for negligence against APLU did not accrue until June 2008, when the underlying claims for violation of *397 the Fair Debt Collection Practices Act were settled. Because the statute of limitations had not run at the time appellant filed suit against APLU, the trial court erred in granting summary judgment in favor of APLU. Accordingly, we reverse the judgment in favor of APLU and remand for further proceedings.

Reversed and remanded.

WARNER, MAY and LEVINE, JJ., concur.