# Third District Court of Appeal

## State of Florida

Opinion filed September 16, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-491
Lower Tribunal No. 13-6633
_____

**Ryan and Jessica Dominguez,**
Appellants,

vs.

**Hayward Industries, Inc., Certified Gunite Company
d/b/a Custom Pools, and John M. Pieklo,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Philip D. Parrish, for appellants.

Wilson, Elser, Moskowitz, Edelman, Dicker LLP, and Anthony P. Strasius and Edgardo Ferreyra, Jr., for appellee Hayward Industries, Inc.; Restani, Dittmar & Hauser, P.A., and Helen Ann Hauser, for appellee Certified Gunite Company, d/b/a Custom Pools and John M. Pieklo.

Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Ryan and Jessica Dominguez appeal the entry of final judgments in their

product liability claim against appellees Hayward Industries, Inc., Certified Gunite

Company d/b/a Custom Pools and John M. Pieklo. We affirm because the statute of repose, section 95.031, Florida Statutes (2003), bars the product liability claim.

Ryan Dominguez sustained a severe head injury on November 17, 2012 when the filter of his swimming pool exploded. He and his wife, Jessica, sued the manufacturer and distributor of the pool filter, Hayward Industries, Inc., as well as the installer of the pool and intermediate distributor of the pool filter, Certified Gunite Company d/b/a Custom Pools ("Gunite"). They also sued John M. Pieklo, who acted as the certified pool contractor. The complaint contains counts for strict liability and negligence against Hayward Industries, Inc., and Gunite; a count for negligence against Pieklo; and a count for loss of consortium. The delivery and installation of the pool and filter were completed on December 20, 1999.

The defendants argued below that the twelve-year statute of repose barred the Dominguezes' cause of action, pursuant to section 95.031(2)(b), Florida Statutes (2003). The defendants also argued that no exception to the statute of repose applied because the pool filter was a component part that did not constitute an improvement to real property, pursuant to section 95.031(2)(b)1. The trial court ultimately entered final judgment in favor of the defendants.

The issue we must decide is whether the component parts of a system, namely a pool filter, constitute improvements to real property. We conclude that they do not.

A trial court's final summary judgment is subject to a *de novo* review when it

is based upon a conclusion of law. See State v. Presidential Women's Center, 937

So. 2d 114, 116 (Fla. 2006). Inferences are to be derived in favor of the non-

moving party. Holl v. Talcott, 191 So. 2d 40, 43 (Fla. 1966).

We first reiterate that Florida law requires that statutes be given their plain

and obvious meaning when the language of the statute is clear, unambiguous, and

conveys a clear and definite meaning. Holly v. Auld, 450 So. 2d 217, 219 (Fla.

1984). This Court has held that statutes must be construed in their entirety, as a

whole, and in such a manner that no part of the statute is rendered meaningless.

State v. Debaun, 129 So. 3d 1089, 1092 (Fla. 3d DCA 2013).

Product liability actions in Florida are subject to a four-year statute of

limitations, pursuant to section 95.11, Florida Statutes (2013). Section

95.031(2)(b), Florida Statutes (2013), further provides a twelve-year statute of

repose to products liability claims based upon injuries or death caused by a

product with an expected useful life of ten years or less, except for certain

aircraft, vessels, and certain type of railroad equipment, and improvements to

real property, including elevators and escalators.[1] Improvements to real property

---

[1] The statute of repose, section 95.031(2)(b), specifically provides:

> An action for products liability under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence, rather than running from any other date prescribed elsewhere in

constitute an exception to the statute of repose, pursuant to section s. 95.11(3), except as provided within this subsection. Under no circumstances may a claimant commence an action for products liability, including a wrongful death action or any other claim arising from personal injury or property damage caused by a product, to recover for harm allegedly caused by a product with an expected useful life of 10 years or less, if the harm was caused by exposure to or use of the product more than 12 years after delivery of the product to is first purchaser or lessee who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product. All products, except those included within subparagraph 1 or subparagraph 2, are conclusively presumed to have an expected useful life of 10 years or less.

1. Aircraft used in commercial or contract carrying of passengers or freight, vessels of more than 100 gross tons, railroad equipment used in commercial or contract carrying of passengers or freight, and ***improvements to real property, including elevators and escalators***, are not subject to the statute of repose provided within this subsection.

2. Any product not listed in subparagraph 1., which the manufacturer specifically warranted, through express representation or labeling, as having an expected useful life exceeding 10 years, has an expected useful life commensurate with the time period indicated by the warranty or label. Under such circumstances, no action for products liability may be brought after the expected useful life of the product, or more than 12 years after delivery of the product to its first purchaser or lessee who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product, whichever is later.

3. With regard to those products listed in subparagraph

4

95.031(2)(b)1.

Section 95.031(2)(b) is triggered once the product is delivered or the work completed. Allan & Conrad, Inc. v. Univ. of Cent. Fla., 961 So. 2d 1083, 1086 (Fla. 5th DCA 2007). The statute forms no basis for recovery based upon an injury caused when a product was purchased twelve or more years before the injury. Firestone Tire & Rubber Co. v. Acosta, 612 So. 2d 1361, 1362 (Fla. 1992).

The term "improvements to real property" in section 95.031(2)(b)1 is undefined. See Hillsboro Island House Condo. Apts., Inc. v. Town of Hillsboro Beach, 263 So. 2d 209, 213 (Fla. 1972)(relying on the definition of "improvement" in Black's Law Dictionary, to define a beach erosion project as a capital improvement). The Florida Supreme Court in Hillsboro defined "improvement," as contained in Black's Law Dictionary, 890 (4th ed. rev. 1969), as follows:

---

> 1., except for escalators, elevators, and improvements to real property, no action for products liability may be brought more than 20 years after delivery of the product to its first purchaser or lessor who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product. However, if the manufacturer specifically warranted, through express representation or labeling, that the product has an expected useful life exceeding 20 years, the repose period shall be the time period warranted in representations or label.

(emphasis added).

5

> A valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement of waste, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes.

Hillsboro, 263 So. 2d at 213. See also Bernard Schoninger Shopping Ctrs., Ltd v. J.P.S. Elastomerics, Corp., 102 F.3d 1173, 1177 (11th Cir. 1997)(relying on Hillsboro and Black's Law Dictionary's definition of "improvement" to conclude that the replacement of a shopping center's entire roof was an "improvement to real property."). In Pinnacle Port Community Association, Inc. v. Orenstein, 952 F.2d 375 (11th Cir. 1992), for example, the issue was whether to apply the five-year statute of limitations for actions on breach of contract, or the four-year statute of limitations for actions "founded on the design, planning or construction of improvement . . . .". The court held that the "repairs were intended not to enhance the assumed value of the property but to restore the walls to their original watertight state." Id. at 378. These constituted repairs rather than improvemens. Id. (relying upon Black's Law Dictionary's definition of "repair").

Florida law supports the proposition that a product maintains its fundamental characteristics when it is connected to real property. See Comm. Fin. Co. v. Brooksville Hotel Co., 123 So. 814, 816 (Fla. 1929)(holding that a refrigerator, even though it is attached by wires and pipes to the building and may even be placed upon a specially constructed base or foundation, is personalty and not a

fixture); Sweeting v. Hammons, 521 So. 2d 226, 228-330 (Fla. 3d DCA 1988)(holding that two bars, icemaker, coolers, water heater, air conditioner, cabinets and shelving were not fixtures); First Fed. Sav. and Loan Ass'n of Oklaloosa Cnty, v. Stovall, 289 So. 2d 32 (Fla. 1st DCA 1974)(holding that a hot water heater, sink, plumbing attachments, countertop and backsplash, dishwasher, disposal unit, lights, cabinets, range hood and drop-in range were all personalty and not fixtures); Zimring-McKenzie Const. Co. v. City of Pinellas Park, 237 So. 2d 576 (Fla. 2d DCA 1970) (holding that underground water and sewer systems installed in a subdivision were personal property and not fixtures); GECC Leasing Corp. v. Berkshire Life Ins. Co., 226 So. 2d 231, 233 (Fla. 4th DCA 1969)(holding that air conditioning units were not fixtures, but personal property).

Other jurisdictions have similarly held that component parts do not constitute improvements to real property. See, e.g., Harford Ins. Group v. Statewide Appliances, Inc., 484 P. 2d 569 (Nev. 1971)(involving a products liability claim arising from a fire caused by a water heater, applying the three-year ordinary tort statute of limitations to the personal property, and a four-year statute governing injury to realty for damages to the building); Owens v. Combustion Eng'g, Inc., 279 F. Supp. 257 (E.D. Va. 1967)(involving a suit for burns suffered while the user was trying to relight a gas water heater, applying the ordinary statute of limitations for tort action, holding that the suit was barred).

The pool filter, a component part of the swimming pool, thus does not constitute an improvement to real property within the context of section 95.031. The plain and obvious meaning of the language contained in section 95.031 supports this conclusion.

The products liability statute of repose, section 95.031, barred the Dominguezes' cause of action. It is undisputed that the pool and pool filter were delivered and installed at the Dominguezes' residence on December 20, 1999, the date on which the twelve-year statute of repose began to run. As such, the Dominguezes' product liability claim is untimely. We therefore affirm the trial court's rulings and decline to address the remaining arguments raised.

Affirmed.