# Third District Court of Appeal

## State of Florida

Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2044
Lower Tribunal No. 16-3100
_____


## Companion Property and Casualty Group,
Appellant,

vs.

## Built Tops Building Services, Inc.,
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Wadsworth Law, LLLP, Orlando J. Romero and Christopher W. Wadsworth, for appellant.

Ludovici & Ludovici, P.A. and Susan M. Ludovici, for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Companion Property & Casualty Group appeals the trial court's final order

dismissing with prejudice Companion's Amended Complaint due to the expiration

of the statute of limitations in section 95.11(3)(c), Fla Stat. (2012). We reverse because the trial court erred in finding that Companion's action was time-barred and thus erred in dismissing it.

On February 8, 2016, Companion filed its subrogation action with the trial court. In its initial complaint, Companion, as the insurer for the property allegedly damaged by the appellee/Built Tops Building Services, Inc., asserted its subrogation claim against Built Tops. Companion pled in Paragraph 5 of its complaint that Built Tops performed the negligent repairs on the insured/subrogor's roof on or about November 21, 2006. In paragraph 6 of its complaint, Companion pled that as the result of Built Tops' faulty repairs, the insured condominium building was damaged by water that permeated through the insured's roof on February 9, 2012. Companion paid its insured $31,937.87 in proceeds under its insurance policy. On February 8, 2016, Companion filed its complaint against Built Tops.

On June 24, 2016, Companion filed an amended complaint with the trial court, as Built Tops did not file a responsive pleading to the initial complaint. In its amended complaint asserting its subrogation rights, Companion again contended that Built Tops performed the negligent repairs on the insured roof on or about November 21, 2006 and further pled, as a result of the faulty repairs, that the insured condominium building suffered a water loss on February 9, 2012[1].

2

On July 8, 2016, Built Tops moved to dismiss the amended complaint. Built Tops asserted that the applicable four-year statute of limitations had run on the filing of Companion's complaint four years after the date of the negligent repairs performed by Built Tops and not four years after the date of the injury, which was the water loss, that triggered Companion's obligation to issue payment to its insured. Built Tops argued that Companion's claim was time-barred and should be dismissed with prejudice.

On August 1, 2016, the parties appeared before the trial court on Built Tops' motion to dismiss. At the hearing, Companion contended that the matter was a subrogation action for which the statute of limitations began to run on the date that the "injury" occurred. Companion asserted that the subject injury was sustained by the insured (and by way of subrogation, Companion) on the date of the water loss, which was February 9, 2012. Therefore, the initial complaint filed by Companion on February 8, 2016, was timely filed. Built Tops argued, in response, that the statute of limitations instead began to run on the exact date of the negligent repairs as pled by Companion - November 21, 2006 - although the pleadings were devoid of any allegations that Companion or its insured had any knowledge of the defect

---

[1] We base our decision in this case on the date of loss alleged in the operative complaint, as the trial court is limited to the four corners of the complaint in deciding whether to grant or deny the motion to dismiss. By our decision, we do not foreclose the application of any other evidence that may later develop relating to the date of loss.

3

in the subject roof at that time. The trial court granted Built Tops' motion to dismiss on the basis that the applicable statute of limitations had run for the filing of Companion's complaint.

Companion moved for rehearing/reconsideration. The trial court denied Companion's motion and dismissed Companion's complaint.

On appeal, Companion contends that the trial court erred in deciding that its negligence action was time-barred because the statute of limitations had run. Companion asserts that according to section 95.11(3)(c), Fla. Stat. (2012), the statute of limitations began to run on February 9, 2012, the date the water damage occurred, rather than on November 21, 2006, the date when Built Tops performed the negligent repairs.

We review the trial court's order granting the motion to dismiss *de novo*. Grove Isle Ass'n, Inc. v. Grove Isle Assoc., LLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014). We agree with Companion that the trial court improperly dismissed Companion's subrogation action stemming from a roof leak caused by negligent repairs performed by Built Tops on the insured premises.

According to section 95.11(3)(a), Fla. Stat. (2012), an action for negligence must be commenced within four years after the cause of action accrues. Furthermore, an action for negligence does not accrue until the plaintiff suffers an actual loss or damages. Med. Data Sys., Inc. v. Coastal Ins. Group, Inc., 139 So. 3d

4

394, 395 (Fla. 4th DCA 2014). With regard to roof leaks on real property, the statute of limitations begins to run from the time the defect is discovered or should have been discovered. Kelley v. School Board of Seminole County, 435 So. 2d 804 (Fla. 1983)(in the context of roof leaks on real property, the statute of limitations begins to run from the time the defect is discovered or should have been discovered)[2]; see also Travel Indemnity Company of Connecticut a/a/o Camilo Office Furniture v. CentiMark Corp. d/b/a CentiMark Roofing Systems, 746 F. Supp. 2d 1284 (S.D. Fla. 2010) (involving a subrogation action emanating from a roof leak in which the Southern District of Florida determined that the applicable statute of limitations began to run when the subrogee's insured first discovered the roof leak on the subject premises rather than at the exact time of the negligent roof repairs).

The critical date of loss here was February 9, 2012, the date on which the insured property was alleged to have been damaged. The initial complaint for negligence was filed on February 8, 2016, within four years of the date of the subject injury, thus on this record and at this stage of the litigation, the statute of limitations had not expired. Consequently, the trial court erred in determining that the statute of limitations had run and that Companion's claim was time-barred.

[2] We recognize that Kelley involves section 95.11(3)(c). However, even in that case, the Florida Supreme Court found that the statute of limitations begins to run "when there has been notice of an invasion of legal rights or a person has been put on notice of his right to a cause of action." Kelley, 435 So. 2d at 806.

5

Riverwalk at Sunrise Homeowners Ass'n, Inc. v. Biscayne Painting Corp., 199 So.

3d 348 (Fla. 4th DCA 2016).

Furthermore, Companion cites to section 95.11(3)(c) in its brief, which deals

with an "action founded on the design, planning, or construction of an

improvement to real property,…" However, Companion sued Built Tops for

negligence due to a simple repair of the subrogor's roof. The correct portion of

section 95.11 that is applicable here is (3)(a), not (3)(c), because Companion

alleged an action founded on negligence. As we stated in Dominguez v. Hayward

Industries, Inc., 201 So. 3d 100 (Fla. 3d DCA 2015):

> The Florida Supreme Court in Hillsboro defined "improvement," as contained in Black's Law Dictionary, 890 (4th ed. rev. 1969), as follows:
>
> A valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement of waste, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes.
>
> Hillsboro, 263 So.2d at 213. See also Bernard Schoninger Shopping Ctrs., Ltd. v. J.P.S. Elastomerics, Corp., 102 F.3d 1173, 1177 (11th Cir. 1997)(relying on Hillsboro and Black's Law Dictionary's definition of "improvement" to conclude that the replacement of a shopping center's entire roof was an "improvement to real property."). In Pinnacle Port Community Association, Inc. v. Orenstein, 952 F.2d 375 (11th Cir. 1992), for example, the issue was whether to apply the five-year statute of limitations for actions on breach of contract, or the four-year statute of limitations for actions "founded on the design,

6

planning or construction of improvement....". The court held that the "repairs were intended not to enhance the assumed value of the property but to restore the walls to their original watertight state." Id. at 378. These constituted repairs rather than improvements. Id.

Dominguez, 201 So. 3d at 102.

Accordingly, we reverse the trial court's order dismissing Companion's action and remand to the trial court so that the action can proceed on its merits.

Reversed and remanded for further proceedings.