50 So.2d 874 (1951)
MESSANA
v.
MAULE INDUSTRIES, Inc.
Supreme Court of Florida, en Banc.
February 20, 1951.
*875 Watkins & Cohen, Tallahassee, and Katz, Fuller & Culbreath, Miami, for appellant.
Blackwell, Walker & Gray, Miami, for appellee.
ADAMS, Justice.
The lower court sustained a motion to dismiss an amended complaint and entered judgment for defendant. Plaintiff appealed and the first matter for our consideration is the legal sufficiency of the complaint. Its charging part reads:
"Since on or around the 20th day of December, 1949, the plaintiff has been and still is the lessee of ten (10) acres of land in the South one-half (S. 1/2) of Section Five (5) near Ojus, Florida, which land was at that time, to-wit, on the 20th day of December, 1949, used exclusively for the conducting of farming operations thereon.
"That such use of this land by the plaintiff was known by the defendant, but that notwithstanding the said knowledge, the defendant on or around the said 20th day of December, 1949, conducted pumping operations on adjacent land owned by the defendant in such a wilful and wantonly negligent manner as to flood the plaintiff's said leased land and thereby destroy the crops which had been planted thereon by the plaintiff.
"Wherefore, Plaintiff sues the defendant and claims damages in the sum of Fifteen Thousand ($15,000) Dollars.
"That notwithstanding requests by the plaintiff for either the cessation or diverting of the said pumping operations set out in paragraph I hereinabove, the defendant has wilfully and with utter disregard for the rights of the plaintiff, refused to do so, and has continued and does continue the said pumping operations, thereby preventing *876 the plaintiff from planting any other crops on the said leased acreage."
This is among the first to reach us for an interpretation under the new common law rules of practice. Common Law Rule 9, Sections A and B, 30 F.S.A. provide:
"(a) Forms of Pleadings. Forms of action and technical forms of pleas and pleadings or motions are abolished.
"(b) The Complaint. The complaint must state a cause of action. It shall set forth a brief and simple statement of the ultimate facts on which the pleader relies, and if it informs the defendant of the nature of the cause against him, it shall be held sufficient. It must contain a demand for judgment in the amount and for the relief to which the pleader deems himself entitled. Relief in the alternative or of several different types may be demanded."
A liberal construction will be allowed to effectuate the intended purpose of allowing a complainant to state his case and facilitate an expeditious trial on its merits however he must, in fact, state a case showing a legal liability. It must be more than a grievance. He must plead factual matter sufficient to apprise his adversary of what he is called upon to answer so that the court may, upon proper challenge, determine its legal effect. We find this complaint meets the rule.
The remaining question relates to the striking of complainant's request for a jury trial. Common Law Rule 31 provides: "Unless the plaintiff in his complaint or the defendant in his answer shall demand a trial by jury, a trial by jury shall be deemed to have been waived."
In this case no request was filed with the original complaint which was dismissed on motion. When the amended complaint was filed a request for a jury trial was duly filed. Defendant moved to strike the request upon the ground that the request was not "contained in either the original or amended complaint, is not timely and the plaintiff has waived his right to a jury trial of the issues in this case."
Apparently the trial court gave a strict interpretation to the rule or perhaps did not regard the matter of any great moment inasmuch as he had just concluded that the case had terminated by the order of dismissal. It is thought that this rule will go far to alleviate congested dockets. This rule as drafted is somewhat without precedent. In promulgating the rule there was no purpose to deprive anyone of a jury trial, even if possible. In fact, there was no intent to coerce a litigant to relinquish his right to trial by jury. When the right is claimed the court has no alternative. If the claim comes after the time specified in the rule, the usual discretion is allowed the trial court in the matter. The fact that the request is made in a separate document from the complaint or answer, so long as timely made under the rule, should not deprive the party of his constitutional right.
Therefore, we are of the view that this application was timely made.
The judgment is reversed.
TERRELL and ROBERTS, JJ., concur.
CHAPMAN, J., concurs specially.
SEBRING, C.J., agrees to conclusion.
HOBSON, J., not participating.
CHAPMAN, Justice (Concurring specially).
I concur in the opinion and judgment in this cause as prepared by Mr. Justice Adams. Subsection (b) of Common Law Rule No. 9 requires complaints in all common law actions to "state a cause of action". "It shall set forth a brief and simple statement of the ultimate facts on which the pleader relies, and if it informs the defendant of the nature of the cause against him, it shall be held sufficient". All complaints in common law actions under this rule are required to "state a cause of action". Whether or not a complaint "states a cause of action" may be determined by our adjudications, and if no Florida precedents are applicable, then the holdings of other jurisdictions may be considered.
In the case of Kasanof v. Embry-Riddle Co., 157 Fla. 677, 26 So.2d 889, we held that a complaint need not set out specific *877 facts constituting negligence but allegations of sufficient acts or omissions causing injury, coupled with an averment that they were negligently done, or omitted, will be sufficient. The above rule has been the law in Florida for many years and has been reaffirmed here on numerous occasions. As the writer construes Subsection (b) of Common Law Rule 9, it was never intended to affect our adjudications defining the minimum requirements of "a stated cause of action".
In the amended complaint the plaintiff requested a jury trial as provided for in Common Law Rule No. 31. Of course, such a request for a jury trial presupposes that a sufficient complaint is on file in the cause. The trial court having ruled that the complaint was insufficient, it may be assumed that the question was not material. Rule No. 31, supra, was adopted with knowledge of Section 3 of the Declaration of Rights to the Constitution of Florida, which provides: "The right of trial by jury shall be secured to all, and remain inviolate forever".