549 So.2d 1195 (1989)
Roberta Sue THOMAS, Appellant,
v.
Nancy H. PRIDGEN, Appellee.
No. 89-107.
District Court of Appeal of Florida, First District.
October 13, 1989.
*1196 Alan Rosner of Harris, Guidi, Rosner, Ceballos & Daze, Jacksonville, for appellant.
Fredric A. Buttner, Jacksonville, for appellee.
THOMPSON, Judge.
Thomas, the plaintiff below, appeals a final order dismissing her second amended complaint with prejudice. We reverse and remand.
The plaintiff is the ex-wife of the defendant Pridgen's current husband. Plaintiff and her ex-husband have one child, a daughter, and were divorced in 1978. The ex-husband married the defendant sometime shortly after the divorce. The relationship between the plaintiff and the defendant has apparently been one of ongoing enmity and acrimony.
On March 24, 1988, plaintiff filed her 11-page complaint, pro se, against the defendant. The complaint was entitled "Complaint for Harassment and Requests of Court Intervention." It details a history of harassment by the defendant and seeks, inter alia, damages and injunctive relief. Defendant filed a pro se answer which details a history of harassment by the plaintiff and denies most of the incidents of harassment set forth in the complaint.
On May 19, 1988 the defendant, now represented by counsel, filed a Motion to Dismiss the complaint which was granted by order entered May 26, 1988. Plaintiff was afforded 15 days within which to file an amended complaint.
On June 7, 1988, plaintiff filed her 23-page pro se amended complaint entitled "Complaint for Injunctive Relief and Award for Costs and Emotional Damages." The amended complaint again details a history of harassment by the defendant and seeks injunctive relief and damages. Defendant filed a motion to dismiss the amended complaint. The amended complaint was dismissed and the plaintiff was afforded 10 days within which to file a second amended complaint.
On October 17, 1988, plaintiff filed her 29-page pro se second amended complaint entitled, "Amended Complaint" which again details a history of harassment and seeks injunctive relief, damages, and punitive damages. Defendant once again filed a motion to dismiss which was granted, this time with prejudice. Plaintiff, now represented by counsel, filed a petition for rehearing which was denied and this appeal followed.
Although it is not necessary to the disposition of this case on appeal, we have set forth a detailed history of the case to demonstrate the problems which may be created by pro se representation in civil cases. There is no way that the expense and waste of judicial time, both at the appellate level and in the lower court, can be justified in this case and it is easy to see how the trial judge reached his decision to dismiss the second amended complaint with prejudice. Judicial time, resources, and patience are not infinite. The Rules of Civil Procedure are adopted to establish an orderly and efficient judicial procedure to handle cases. An individual is entitled to represent himself or herself in a civil proceeding but he or she must not proceed *1197 without regard for the rules of procedure. Although our courts have been uniformly liberal in permitting pro se procedure, it can reach a point that it is an abuse of the judicial process, properly subjecting the complaint to a dismissal with prejudice.
The second amended complaint clearly violates the provisions of Fla.R. Civ.P. 1.110(b), which provides:
Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third party claim must state a cause of action and shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to pray for general relief.
The complaints in the instant case, including the second final amended complaint which was dismissed with prejudice, contain extensive surplusage and clearly fail to comply with the Rule's requirement of "a short and plain statement of the ultimate facts showing the pleader is entitled to relief." Despite the inartful draftsmanship and the inclusion of far more details than necessary, the complaint at least manages to state a cause of action for the tort of interference with a business relationship and possibly others. Therefore, the complaint should not be dismissed for failure to state a cause of action. Harrell v. Hess Oil and Chemical Corp., 287 So.2d 291 (Fla. 1973); Balbontin v. Porias, 215 So.2d 732 (Fla. 1968). When a complaint states a cause of action but fails to do so by short and plain statements of ultimate facts, it cannot be dismissed for failure to state a cause of action but it can be subject to a motion to require compliance with Fla.R. Civ.P. 1.110 or a motion to strike. Feller v. Eau Gallie Yacht Basin, Inc., 397 So.2d 1155 (Fla. 5th DCA 1981). A party's repeated refusal to comply with Rule 1.110 despite court orders to do so can justify dismissal with prejudice.
The order dismissing the second amended complaint with prejudice is reversed and this cause is remanded for further proceedings consistent with this opinion. REVERSED.
SMITH and MINER, JJ., concur.