PER CURIAM.
This is an appeal from a dismissal and a summary judgment in favor of Skylake State Bank on charges of tortious interference with a mortgage brokerage contract and breach of fiduciary duty.
Cohn Realty and Jon Rice, co-brokers, contracted with Kovens & Kovens to find a $6.5 million mortgage loan for the Ko-vens’s property known as the 127th Street Shopping Center. Rice originally presented a loan package to Skylake State Bank but because of its lending limits, Skylake sought a participant and sent the loan particulars to other institutions including Barnett Bank. Ultimately, Barnett, with the approval of Kovens & Kovens, funded the entire mortgage loan transaction without an agreement with, or participation from, Skylake.
Cohn and Rice claim that they were wrongfully shut out of the loan transaction, were never fairly compensated for their services, and that Skylake had undertaken a course of action to benefit Kovens, Barnett, and Skylake to the detriment of the brokers. Cohn and Rice filed an amended action for tortious interference— including punitive damages — and breach of fiduciary duty. The trial court dismissed, with prejudice, the count for breach of a fiduciary duty, and struck the punitive damages claim. Following discovery, a summary judgment on the tortious interference charge was also granted in Sky-lake’s favor.
On a thorough examination of the record, we agree with the trial court that the bro *73 kers failed to plead factually or to present evidence supporting their conclusory allegations of tortious interference with a business relationship, breach of contract, or breach of a fiduciary relationship on the part of Skylake State Bank.[1] Pizzi v. Central Bank & Trust Co., 250 So.2d 895 (Fla.1971); Messana v. Maule Indus., 50 So.2d 874 (Fla.1951).
The summary judgment is affirmed.

. The action continues against the other defendants.