743 So.2d 1160 (1999)
Victor BARRETT and Jeanette Barrett, Appellants,
v.
CITY OF MARGATE, a municipal corporation, Mitchell H. Anton, Arthur J. Bross, Frank B. Talerico, all as individuals and as City Commissioners of the City of Margate, Eugene M. Steinfeld, Leonard B. Golub, Arnold Finkelstein, Lawrence F. Horak, and Donald Heflin, all as individuals and/or as employees of the City of Margate, Appellees.
No. 98-2948.
District Court of Appeal of Florida, Fourth District.
October 20, 1999.
Rehearing Denied December 6, 1999.
*1161 Victor Barrett and Jeanette Barrett, Margate, pro se.
Michael T. Burke and Scott D. Alexander of Johnson, Anselmo, Murdoch, Burke & George, P.A., Fort Lauderdale, for Appellees-City of Margate, Mitchell H. Anton, Arthur J. Bross, Frank B. Talerico, Leonard B. Golub and Eugene M. Steinfeld.
Jonathan M. Matzner and Robert H. Schwartz of Adorno & Zeder P.A., Fort Lauderdale, for Appellees-Arnold Finkelstein, Lawrence F. Horak and Donald Heflin.
BLANC, PETER D., Associate Judge.
The appellants challenge the circuit court's dismissal with prejudice of their third amended complaint. The appellants appeared pro se before the trial court. The appellants' initial complaint failed to adhere to Florida Rule of Civil Procedure 1.110, which requires that pleadings set forth a short and plain statement of the ultimate facts showing entitlement to relief. Accordingly, the trial court granted appellants leave to amend their pleadings on two separate occasions and attempted to provide appellants with some direction regarding acceptable pleading standards. In spite of the trial court's ultimate admonition to the appellants that their action would not survive past the pleadings stage *1162 if the complaint was not substantially edited to set forth a "short concise statement of the facts upon which you rely to establish the various theories," the appellants' pleadings never improved. Finding the appellants' third and final amended complaint to be "manuscript in size" and "contrary" to the pleading standards that the court had previously explained, the trial court dismissed the third amended complaint with prejudice.
In the history of jurisprudence, pro se litigants have frequently been granted leniency in technical matters. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissing an action with prejudice due to defective pleading is not proper unless the plaintiff has been given an opportunity to amend. See Kairalla v. John D. & Catherine T. MacArthur Found., 534 So.2d 774, 775 (Fla. 4th DCA 1988) (citations omitted). Notwithstanding the fundamental principle of allowing pro se litigants procedural latitude, a practice effected to ensure access to the courts for all citizens, pro se litigants are not immune from the rules of procedure.
The Rules of Civil Procedure are adopted to establish an orderly and efficient judicial procedure to handle cases. An individual is entitled to represent himself or herself in a civil proceeding but he or she must not proceed without regard for the rules of procedure. Although our courts have been uniformly liberal in permitting pro se procedure, it can reach a point that it is an abuse of the judicial process, properly subjecting the complaint to a dismissal with prejudice.
Thomas v. Pridgen, 549 So.2d 1195, 1196-97 (Fla. 1st DCA 1989). Although there is no magical number of amendments which are allowed, dismissal of a complaint that is before the court on a third attempt at proper pleading is generally not an abuse of discretion. See Kohn v. City of Miami Beach, 611 So.2d 538, 539 (Fla. 3d DCA 1992).
The appellants contend that the trial judge "should have apprised the pro se litigants as to the extent of their weak points," suggesting that the Court had the option to "assist the indigent, pro se, litigants." However, the court cannot assist the pro se litigant to the detriment of the opposing party or to the point that the impartiality of the tribunal can be called into question. The Florida Rules of Judicial Conduct expressly dictate that "[a] judge shall perform his duties without bias or prejudice." Fla.Code Jud. Conduct, Canon 3B(5). Furthermore, the commentary to Canon 3B(5) states that "[a] judge must be alert to avoid behavior that may be perceived as prejudicial." Even in small claims court, a tribunal that purposefully operates pursuant to a more relaxed set of procedural rules in order to provide every citizen a fair opportunity to have his or her day in court, the presiding judge is not allowed to act in a way that could be construed as more favorable to one party. The rules of small claims court direct that a judge may assist an unrepresented party with the courtroom decorum and the order and presentation of material evidence, but caution that "[t]he court shall not act as an advocate for a party." Fla. Sm. Cl. R. 7.140(e).
In Florida, every cause of action, whether derived from statute or common law, is comprised of necessary elements which must be proven for the plaintiff to prevail. It is a cardinal rule of pleading that a complaint be stated simply, in short and plain language. See Fla. R. Civ. P. 1.110(b). The complaint must set out the elements and the facts that support them so that the court and the defendant can clearly determine what is being alleged. See Messana v. Maule Indus., 50 So.2d 874, 876 (Fla.1951) (a complainant must "plead [a] factual matter sufficient to apprise his adversary of what he is called upon to answer so that the court may, upon proper challenge, determine its legal effect."). The complaint, whether filed by an attorney or pro se litigant, must set *1163 forth factual assertions that can be supported by evidence which gives rise to legal liability. It is insufficient to plead opinions, theories, legal conclusions or argument. Furthermore, the assertions are to be stated simply and succinctly. See Seaboard Air Line Ry. v. Rentz, 60 Fla. 429, 54 So. 13 (1910) (pleadings should present precise points that are certain, clear and concise). While it would be improper to dismiss a complaint for failure to state a cause of action solely because it failed to state the claim in short and plain statements, it is not improper to dismiss a complaint, with prejudice, for repeated refusal to comply with the rules of pleading. See Thomas, 549 So.2d at 1197; see also Fla. R. Civ. P 1.110.
The initial complaint and two subsequently amended complaints in the instant case clearly fail to comply with even the most minimal standards of pleading as required by the Florida Rules of Civil Procedure. It is not permissible for any litigant to submit a disorganized assortment of allegations and argument in hope that a legal premise will materialize on its own. The trial court provided the appellants with appropriate direction and reasonable opportunities to cure the deficiencies in their pleadings. The appellants' convoluted, verbose, narrative style pleading, coupled with their refusal to comply with either the trial court's directives or the mandate of Florida Rule of Civil Procedure 1.110(b), clearly demonstrates the need for the rule and exemplifies the potential for abuse of the judicial process when the rule is not enforced. Accordingly, we affirm the trial court's order dismissing the case with prejudice and awarding costs to the defendants.
AFFIRMED.
KLEIN and TAYLOR, JJ., concur.