PER CURIAM.
Appellant Frederick Visor (Visor) filed a complaint against Michael Buhl (Buhl), Michael Vidulich (Vidulich), and Anthony Toscano (Toscano) for violation of Florida!s RICO Act, conspiracy to violate Florida’s RICO Act, breach of fiduciary duty, negligent misrepresentation, fraudulent inducement, and common law fraud. Vidulich and Toscano filed motions to dismiss Visor’s third amended complaint, and the trial court dismissed the claims against Vidulich, Toscano, and Buhl with prejudice. This .appeal followed.
A motion to dismiss tests whether a plaintiff has alleged a good cause of action in his or her complaint. See Alexander Hamilton Corp. v. Leeson, 508 So.2d 513 (Fla. 4th DCA 1987). An appellate court must accept the facts alleged in the complaint as true when reviewing a trial court’s order determining the sufficiency of the complaint. See Sarkis v. Pafford Oil Co., 697 So.2d 524, 526 (Fla. 1st DCA 1997). All reasonable inferences must be drawn in favor of the pleader. See Higgs v. Florida Dep’t of Corrections, 647 So.2d 962, 964 (Fla. 1st DCA 1994). A trial court’s determination on a motion to dismiss is reviewed de novo. See Brewer v. Clerk of the. Circuit Court, Gadsden County, 720 So.2d 602, 603 (Fla. 1st DCA 1998).
Visor raises numerous issues on appeal and challenges the trial court’s dismissal of his complaint. We write only to address Visor’s fraud claims. Accepting the facts alleged in the complaint as true, Visor sufficiently stated a cause of action for negligent misrepresentation, fraudulent inducement, and common law fraud. In addition, there is a factual question as to whether the statute of limitations bars Visor’s fraud claims. See Williams v. Bear Stearns & Co., 725 So.2d 397, 401 (Fla. 5th DCA 1998). Therefore, we reverse the dismissal of Visor’s negligent misrepresentation, fraudulent inducement, and common law fraud claims.
A review of the record indicates that Buhl did not file a motion to dismiss Visor’s complaint. Because Buhl failed to raise whether Visor stated a cause of ac *276 tion against Mm, such grounds for dismissal are deemed waived. See Fla. R. Civ. P. 1.140(b). Thus, we reverse the dismissal of all of Visor’s claims against Buhl.
The remaining issues raised by Visor are without merit, and the dismissal of the RICO and breach of fiduciary duty claims against Vidulich and Toscano is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
KLEIN, STEVENSON and HAZOURI, JJ., concur.