[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12388
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:08-cv-81177-KLR


SFM HOLDINGS, LTD.,
SALOMON MELGEN, M.D.,

                                        Plaintiffs – Appellants,


                     versus


JEROME FISHER,

                                        Defendant – Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 8, 2012)

Before MARTIN and ANDERSON, Circuit Judges, and SCHLESINGER,* District Judge.

PER CURIAM:

This action is the fourth that SFM Holdings, Ltd. and Salomon Melgen, M.D. (collectively, "Plaintiffs") have filed based on facts relating to one of the largest securities fraud cases in Florida history. It was originally filed in Florida state court and alleged that diverse defendant Banc of America Securities ("BAS") breached a number of agreements with Plaintiffs, both written and implicit, in handling Plaintiffs' BAS account. In the same action, Plaintiffs also sued non-diverse defendant Jerome Fisher, alleging that his deliberate and material misrepresentations and omissions caused Plaintiffs to move money to BAS and leave it there long enough to be stolen.

On appeal, the threshold issue is whether the district court properly asserted subject matter jurisdiction over the case after its removal to federal court, on the ground that the joinder of non-diverse defendant Fisher was fraudulent. We review both this question of subject matter jurisdiction and the district court's denial of Plaintiffs' motion to remand de novo. See Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).

_____

* Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

2

Fisher is a non-diverse party and attempts to establish fraudulent joinder of both BAS and himself (collectively, "Defendants") by proving that at the time of removal there was no possibility Plaintiffs could have established a cause of action against Fisher in Florida state court. See Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).[1]  We have noted previously that this burden is a "heavy one" since the factual allegations in the complaint must be viewed in the light most favorable to the plaintiff, id. (quotation marks omitted), and since "all that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action," Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1333 (11th Cir. 2011) (quotation marks omitted).

After careful review, we conclude Defendants never met their burden. Under Florida's pleading standards, Plaintiffs merely had "to state a case showing

---

[1] We give Fisher the benefit of our considerable doubt that he fairly raised this ground for removal in timely fashion.  Fisher's first filing in the district court after removal merely joined the Notice of Removal filed by BAS.  This Notice by BAS relied solely on a different theory for disregarding Fisher's non-diverse status.  Fisher's joinder did not clearly add reliance on the fraudulent joinder ground for removal upon which Fisher now relies, thus failing to fairly apprise either the district court or Plaintiffs of Fisher's reliance upon the new fraudulent joinder ground.  Although not clear beyond peradventure, the most plausible reading of the district court's denial of Plaintiffs' motion to remand is that the court relied on the theory articulated in the Notice of Removal, and not Fisher's new and different ground.  And it is very clear that Plaintiffs did not have an opportunity to brief Fisher's new ground before the district court denied Plaintiffs' motion to remand.  However, because Fisher has failed to establish either the original theory for disregarding Fisher's non-diverse status (as articulated in the Notice of Removal filed by BAS and joined by Fisher) or Fisher's new theory, we can give Fisher the benefit of the doubt and entertain his new fraudulent joinder theory.  The balance of this opinion addresses Fisher's new theory.

3

a legal liability." Messana v. Maule Indus., 50 So. 2d 874, 876 (Fla. 1951). This could be achieved by alleging the requisite elements of a cause of action and "plead[ing] factual matter sufficient to apprise [Plaintiffs'] adversary of what [the adversary] is called upon to answer." Id. Plaintiffs' fraud and negligent misrepresentation claims clearly satisfied this standard; the conversion and conspiracy claims arguably did so as well. It is thus more than possible that a Florida state court would have concluded that Plaintiffs stated a cause of action. Consequently, the district court erred in concluding that Fisher was fraudulently joined. See Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007) (holding that "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent").[2]

Because it erroneously concluded that Fisher had been fraudulently joined,

---

[2] The district court appeared to place significant weight on the fact that Plaintiffs never alleged wrongdoing on the part of Fisher in their prior unsuccessful litigation and that Plaintiffs seemed to change their earlier story regarding who had convinced them to invest with John Kim. Yet, Plaintiffs offered an explanation both for why they did not earlier allege wrongdoing on the part of Fisher and why their story regarding who convinced them to invest with Kim might seem different. To be sure, the district court may have had reason to doubt the plausibility of Plaintiffs' overall story about Fisher's role in the conspiracy. But, in assessing fraudulent joinder, "the district court's authority to look into the ultimate merit of the plaintiff's claim is limited to checking for obviously fraudulent or frivolous claims." Crowe, 113 F.3d at 1542. And, evaluating the factual allegations in the light most favorable to Plaintiffs, we conclude that Plaintiffs' story was not so fantastical as to be "obviously fraudulent or frivolous."

4

the district court further erred when it decided the merits of the case despite the lack of either federal diversity jurisdiction or federal question jurisdiction. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). All decisions in this case from August 26, 2009 on must therefore be vacated for lack of subject matter jurisdiction. This includes the district court's September 2, 2009 order to dismiss the complaint against BAS with prejudice on grounds of res judicata.

For the foregoing reasons, we vacate all of the orders issued by the district court in this case from August 26, 2009 on, and remand the case against both Fisher and BAS to the district court with instructions to remand the case to the state court for further proceedings.

VACATED AND REMANDED WITH INSTRUCTIONS.