# Third District Court of Appeal

## State of Florida

Opinion filed November 19, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2128
Lower Tribunal No. 12-44429
_____


**José Condé,**
Appellant,

vs.

**Main Street Fund III, LLC.,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Marc Schumacher, Judge.

José Condé, in proper person.

The Law Offices of Neale J. Poller, and Neale J. Poller (Fort Lauderdale), for appellee.

Before SALTER, FERNANDEZ and SCALES, JJ.

PER CURIAM.


**Order Dismissing Appeal**

A final judgment of foreclosure was rendered by the trial court in this case on October 16, 2013. No appeal was taken from the final judgment.

On June 24, 2014, the trial court issued a certificate of sale for the subject property.

Pursuant to section 45.031(5), Florida Statutes (2013), objections to the sale are required to be filed within ten days after the filing of the certificate of sale.

According to the trial court docket, Appellant's objections to the sale were filed on July 10, 2014—sixteen days after the filing of the certificate of sale.

On August 14, 2014, the trial court held a hearing on Appellant's objections to sale, and entered an order overruling Appellant's objections.

Appellant filed this appeal of the trial court's August 14, 2014 order on September 5, 2014.

On September 16, 2014, Appellee moved to dismiss the appeal, arguing that this Court lacked jurisdiction to hear the appeal of the challenged order.

On October 14, 2014, we entered an order denying Appellee's motion to dismiss for lack of jurisdiction. In that same order, however, we ordered the Appellant to show cause as to why the appeal should not be dismissed because the trial court docket indicates that Appellant's objections to sale were not filed within ten days after the filing of the certificate of sale as required by section 45.031(5).

On October 22, 2014, Appellant filed a motion seeking a ninety-day extension of time to file his initial brief.[1] Appellant, however, did not respond to our October 14, 2014 show cause order and nothing in the record evidences that Appellant's underlying objections to the foreclosure sale were timely filed.

Therefore, we dismiss the appeal. Appellant's motion for extension of time to file his initial brief is denied as moot.

---

[1] Oddly, on October 23, 2014, Appellee filed a submission to this Court captioned, "Appellee's Opposition to Motion To Extend Time for Filing Response to Order To Show Cause." Contrary to the caption of Appellee's submission, however, Appellant never sought an extension of time to respond to this Court's show cause order; Appellant's October 22, 2014 motion sought an extension of time to file his initial brief.

While we are mindful that pro se litigants are afforded leniency in technical matters, pro se parties are nonetheless bound by the appellate rules and this Court's direct orders. See Barrett v. City of Margate, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999) ("In the history of jurisprudence, pro se litigants have frequently been granted leniency in technical matters . . . . Notwithstanding the fundamental principle of allowing pro se litigants procedural latitude, a practice effected to ensure access to the courts for all citizens, pro se litigants are not immune from the rules of procedure.") (citations omitted).