DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL GERSTEIN,**
Appellant,

v.

**INTERNATIONAL ASSET VALUE GROUP, LLC,** A Florida Limited
Liability Company, **STUART SCHULMAN** and **AARON SCHULMAN,**
Appellees.

No. 4D14-4379

[June 15, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter D. Blanc, Judge; L.T. Case No. 502009CA023969XXXXMB.

G. William Allen, Jr., Fort Lauderdale, for appellant.

Daniel A. Bushell of Bushell Appellate Law, P.A., Fort Lauderdale, for appellees.

CIKLIN, C.J.

Michael Gerstein timely appeals an order dismissing his fourth amended complaint with prejudice, entered in favor of International Asset Value Group, LLC, Stuart Schulman, and Aaron Schulman ("the defendants").  Because the trial court afforded the plaintiff numerous attempts to state a viable cause of action, and each time the plaintiff failed to do so, we affirm.

In July 2009, Gerstein filed a twenty-page complaint against the defendants.  Paragraphs one through eighteen contained confusing allegations surrounding certain business relationships of the parties. The complaint alleged seven different counts, each of which incorporated paragraphs one through eighteen without providing an explanation as to the manner in which each allegation pertained to the claims.

The defendants moved to dismiss the complaint, alleging it failed to state a cause of action. Following a hearing, the trial court granted the motion and directed Gerstein to file an amended complaint within twenty

days.

Gerstein filed an amended complaint. The defendants again moved to dismiss for failure to state a legally cognizable claim. The motion was set for hearing and an agreed order was entered granting the motion and permitting the plaintiff to file a second amended complaint within twenty-five days.

A second amended complaint with even more allegations was filed and was once again followed by a motion to dismiss. This resulted in still another order granting leave to amend and accordingly, a third amended complaint was filed in January 2011. The defendants once again filed a motion to dismiss for failure to state a cause of action and failure to join indispensable parties.

Because over a year passed with no record activity, the trial court sua sponte set a status conference. After the status conference, the trial court entered an order granting Gerstein twenty days to move to file a fourth amended complaint.

The fourth amended complaint was deemed filed by order dated October 12, 2012. The defendants moved to dismiss the fourth amended complaint in January 2013 for failure to state a cause of action, lack of standing, failure to join indispensable parties, and failure to comply with well-established rules of pleading.

A year and a half later, after no further record activity, a notice of lack of prosecution was issued by the court. The motion to dismiss was heard on October 20, 2014. At the hearing on the motion to dismiss, the trial court recognized that the facts as alleged by Gerstein might be complex, but patiently explained that the causes of action are not cognizable from the complaint:

> It's very confusing. I spent probably over an hour trying to read through it and understand it and you seem to mix causes of action.
>
> . . . .
>
> You have allegations where you talk about defamation where it kind of reads like a tortious interference claim, and you've talked about some defamatory comments in Paragraphs 1 through 33, which you incorporate in all of these, but I just had a very, very difficult time sorting out the relevant facts

2

from the irrelevant facts to determine what is supporting the different causes of action.

. . . .

[T]here is that quote in [*Barrett v. City of Margate*, 743 So. 2d 1160, 1163 (Fla. 4th DCA 1999)] that says, "It's not permissible for any litigant to submit a disorganized assortment of allegations and argument in hope that a legal premise will materialize on its own."

. . . .

I understand what you're saying, that these gentlemen apparently played fast and loose with the rules of contracts and any legal niceties that would have helped them clearly define what was going on here, but my problem is I just – I don't understand the causes of action and I don't think it's appropriate for me or for the party answering to have to try and sort it out and figure it out.

. . . .

I am going to dismiss with prejudice, but one of the factors I am considering is the fact that for eighteen months, we've had what I perceive to be a defective complaint hanging out there with no activity, no effort to move it forward, no effort to improve it, correct it, whatever needed to be done. . . .

But based upon the problems with the complaint, not only those that I have identified and that [defense counsel] has identified, but numerous other problems that result in my inability to find the causes of action within it, I think that the dismissal with prejudice is appropriate[.]

On appeal, Gerstein argues that the trial court abused its discretion in dismissing the complaint with prejudice because he contended that he did not exhibit a "repeated refusal to comply with the rules of pleading." For reasons glaringly revealed in the record, we disagree.

"A trial court's determination on a motion to dismiss is reviewed de novo." *Visor v. Buhl*, 760 So. 2d 274, 275 (Fla. 4th DCA 2000). This court has reviewed a trial court's decision to dismiss a case with prejudice after multiple attempts at amendment for abuse of discretion.

3

*See Barrett v. City of Margate*, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999).

"Dismissing an action with prejudice due to defective pleading is not proper unless the plaintiff has been given an opportunity to amend." *Id.* "Although there is no magical number of amendments which are allowed, dismissal of a complaint that is before the court on a third attempt at proper pleading is generally not an abuse of discretion." *Id.* "There is simply a point in litigation when defendants are entitled to be relieved from the time, effort, energy, and expense of defending themselves against seemingly vexatious claims." *Kohn v. City of Miami Beach*, 611 So. 2d 538, 539 (Fla. 3d DCA 1992) (citation omitted) (affirming dismissal with prejudice after four unsuccessful attempts to amend pleading to state a cause of action).

All of the prior versions of the complaint, now including the fourth amended complaint, are byzantine at best with no coherence whatsoever to the stated claims. Prior to the dismissal with prejudice, four separate orders dismissing the complaint with leave to amend were entered. Gerstein thus had four opportunities to amend his complaint to state a cause of action, yet failed to do so each time. Accordingly, the trial court did not err in dismissing the complaint with prejudice. No litigant should ever be required to endure this type of endless and vexatious litigation. Our system demands nothing less.

Gerstein next argues that the trial court improperly dismissed the case due to a lack of record activity. However, the record makes it clear that the inactivity was merely one factor considered, and because the court properly dismissed the case on the basis that the complaint had been unfruitfully amended four times, it is irrelevant whether the trial court considered record inactivity.

Consequently, we affirm.

*Affirmed.*

TAYLOR and LEVINE, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

4