CIKLIN, C.J.
The Riverwalk at Sunrise Homeowners Association (“the Association”) appeals an order dismissing its third amended complaint against The Sherwin-Williams Company (“Sherwin-Williams”). We agree with the Association that the trial court erred in concluding its negligence claim against Sherwin-Williams was time-barred, and we reverse.
In 2005, Sherwin-Williams was hired to provide paint, primer, and a “scope of work” in connection with an exterior painting project commissioned by the Association. The operative complaint alleges that Sherwin-Williams was negligent in its failure to test and inspect the condition of the stucco which covered the Association buildings and in its failure to warn the Association that the paint to be applied might fail due to the high pH of the existing stucco. In 2009, the paint bégan to crack and peel. In 2012, the Association brought a negligence claim against Sherwin-Williams.
After several amendments to the complaint, the trial court ultimately dismissed the Association’s claim in its third amended complaint as being time-barred. The trial court reasoned that the cause of action “began to accrue, at the latest, in 2005 when [defendant Sherwin [Williams] inspected the premises.”
On appeal, the Association argues that the trial court erred in determining that the statute of limitations had run with *350 respect to its negligence claim. The Association asserts that the damages element did not accrue until 2009, and thus its 2012 complaint was timely. Sherwin-Williams responds that because the Association failed to bring suit within four years of its alleged failure to inspect and warn, the claim is now time-barred.
We review a trial court’s determination on a motion to dismiss de novo. Visor v. Buhl, 760 So.2d 274, 275 (Fla. 4th DCA 2000). “A motion to dismiss tests whether a plaintiff has alleged a good cause of action in his or her complaint. An appellate court must accept the facts alleged in the complaint as true when reviewing” an order dismissing the complaint, and “[a]ll reasonable inferences must be drawn in favor of the pleader.” Id. (internal citation omitted).
To be timely, an action for negligence must be commenced within four years after the cause of action accrues. § 95.11(3)(a), Fla. Stat. (2012). “A cause of action accrues when the last element constituting the cause of action occurs,” § 95.031(1), Fla. Stat. (2012). “[A]s a general rule, ... bodily injury or property damage is an essential element of a cause of action in negligence.” Monroe v. Sarasota Cty. Sch. Bd., 746 So.2d 530, 531 (Fla. 2d DCA 1999). Accordingly, an action for negligence does not accrue until the plaintiff suffers actual loss or damages. Med. Data Sys., Inc. v. Coastal Ins. Group, Inc., 139 So.3d 394, 396 (Fla. 4th DCA 2014) (citation omitted).
Further, “[t]he event which triggers the running of the statute of limitations is notice to or knowledge by the injured party that a cause of action has accrued in his favor, and not the date on which the negligent act which caused the damages was actually committed.” Ambrose v. Catholic Soc. Servs., Inc., 736 So.2d 146, 150 (Fla. 5th DCA 1999) (citation omitted) (finding error in dismissal of negligence claim where, although plaintiff knew or should have known of damages, allegations of complaint did not establish when plaintiff had sufficient knowledge to be able to associate defendant’s negligence with damages).
The third amended complaint alleged that the Association began suffering damages in 2009 when the paint began to fail: “Sometime in 2009, the paint began to crack, chip, flake and otherwise fall off from the exterior of the buildings.” The first amended complaint, which alleged negligence against Sherwin-Williams, was filed in December 2012 — within the four-year statute of limitations.
The trial court erred in determining that the cause of action accrued in 2005 and that the claim was time-barred. Consequently, we reverse the dismissal and remand for further proceedings.

Reversed and remanded for further proceedings.

TAYLOR and MAY, JJ., concur.