DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARLENE PREUDHOMME,**
Appellant,

v.

**GARTH BAILEY** and **CHRISTOPHER S. MATTHEWS,**
Appellees.

No. 4D20-2370

[February 23, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE14-4538.

Arlene Preudhomme, Pembroke Pines, pro se.

Morgan L. Weinstein and Joshua H. Lida of Twig, Trade, & Tribunal, PLLC, Fort Lauderdale, for appellee Garth Bailey.

Joseph S. Geller of Greenspoon Marder, LLP, Fort Lauderdale, for appellee Christopher Matthews.

PER CURIAM.

Arlene Preudhomme ("Former Wife") appeals the trial court's final judgment ratifying its previous dismissal with prejudice of her amended complaint against Garth Bailey ("Former Husband"). We dismiss Former Wife's appeal as to Former Husband for lack of jurisdiction. Former Wife also appeals the same order's dismissal of her third amended complaint against Christopher Matthews ("Matthews") with prejudice. We affirm that dismissal.

In 2014, Former Wife sued multiple parties to quiet and confirm title to real property. She alleged Former Husband fraudulently conveyed the property to multiple straw purchasers, including Matthews. Former Husband moved to dismiss the complaint, asserting Former Wife never held title to the property and, therefore, did not have standing to bring the action. In 2015, the trial court agreed and disposed of the case as to Former Husband by dismissing the complaint with prejudice.

Former Wife continued to pursue litigation against the other parties and filed successive amended complaints. After Matthews moved to dismiss Former Wife's third amended complaint in 2020, the trial court dismissed that complaint with prejudice for failure to state a cause of action. Because Former Wife attempted to appeal the nonfinal order, we instructed her to obtain a final order of dismissal. In Former Wife's motion before the trial court to obtain that order, she stated her intention to also appeal the dismissal with prejudice of her amended complaint against Former Husband. The trial court's final judgment ratified its two previous orders that dismissed with prejudice (1) the third amended complaint against Matthews and (2) the amended complaint against Former Husband. This appeal followed.

**Lack of Jurisdiction as to Former Husband**

Under Florida Rule of Appellate Procedure 9.110(k), a final judgment that disposes of a case as to any party is considered a partial final judgment. If a partial final judgment completely disposes of a case as to any party, it is appealable only within thirty days. *Dalola v. Barber*, 757 So. 2d 1215, 1216 (Fla. 5th DCA 2000); *see also* Fla. R. App. P. 9.110(k). Here, although the final judgment reiterated the prior dismissal of Former Husband, Former Wife had only thirty days from the entry of the original order to appeal—a window she missed by six years. *See* Fla. R. App. P. 9.110(k); *Del Castillo v. Ralor Pharmacy, Inc.*, 512 So. 2d 315, 318 (Fla. 3d DCA 1987) (finding an order disposing of the action as to one defendant was "reviewable only by timely appeal within 30 days of the order itself"). Due to her failure to file a timely appeal, we lack jurisdiction to review the trial court's dismissal with prejudice as to Former Husband.

**Dismissal with Prejudice as to Matthews**

Former Wife argues the trial court improperly dismissed her third amended complaint against Matthews with prejudice. "A trial court's determination on a motion to dismiss is reviewed de novo." *Visor v. Buhl*, 760 So. 2d 274, 275 (Fla. 4th DCA 2000). "A proposed amendment is futile if it is insufficiently pled . . . or is 'insufficient as a matter of law.'" *Quality Roof Servs., Inc. v. Intervest Nat'l Bank*, 21 So. 3d 883, 885 (Fla. 4th DCA 2009). Under Florida Rule of Civil Procedure 1.110(b), a pleading must be stated simply in short and plain language. "The Rules of Civil Procedure are adopted to establish an orderly and efficient judicial procedure to handle cases," and even a pro se litigant is not exempt from such rules. *Thomas v. Pridgen*, 549 So. 2d 1195, 1196–97 (Fla. 1st DCA 1989).

Here, Former Wife attempted to amend her complaint against Matthews multiple times. However, each time, she failed to sufficiently plead her complaint because her attachments did not support her claims. *See Haslett v. Broward Health Imperial Point Med. Ctr.*, 197 So. 3d 124, 127 (Fla. 4th DCA 2016) ("Where the exhibits negate the cause of action asserted, they must control."); *see also Quality Roof Servs.*, 21 So. 3d at 885. Furthermore, she did not state her claims in the simple, short, and plain language required by Florida Rule of Civil Procedure 1.110(b). Even though Former Wife represented herself in the proceedings below, she was still required by court rules to state her claim succinctly and with sufficient proof. *See Thomas*, 549 So. 2d at 1196-97. Her repeated failure to do so properly led to the dismissal of her complaint against Matthews with prejudice.

*Affirmed in part and dismissed for lack of jurisdiction in part.*

DAMOORGIAN, CIKLIN, and KLINGENSMITH, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

3