"DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ISKYO ARONOV,**
Appellant,

v.

**SOUND CONNECTION DISTRIBUTORS, INC.,** a Florida corporation,
**THE ESTATE OF SHIMON SWISSA, THE TRUST OF SHIMON SWISSA,**
**YACKOV SWISSA,** as trustee of the **TRUST OF SHIMON SWISSA**,
**YACKOV SWISSA,** individually, and **GREENE STREET, LLC,**
Appellees.

No. 4D2024-2462

[April 8, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne Elizabeth Fahnestock, Judge; L.T. Case No. 062021CA016867AXXXCE.

Shlomo Y. Hecht and Jeremy Isaac Knight of Knight Law, P.A., Hollywood, for appellant.

Hinda Klein of Conroy Simberg, Hollywood, for appellee Sound Connection Distributors, Inc.

No appearance for appellee the Estate of Shimon Swissa.

No appearance for appellee the Trust of Shimon Swissa.

No appearance for appellee Yackov Swissa, as trustee of the Trust of Shimon Swissa.

No appearance for appellee Yackov Swissa, individually.

No appearance for appellee Greene Street, LLC.

SHEPHERD, J.

Iskyo Aronov ("Aronov") appeals the order dismissing with prejudice his fourth amended complaint. We affirm the circuit court's dismissal of the entirety of counts I, VIII, IX, X, XI, XII, XIV, XV, and XVII and the portions

of counts III, IV, V, VI, VII, XIII, and XVI relating to the transfer of real property. We reverse the circuit court's dismissal of the entirety of count II and the remaining portions of counts III, IV, V, VI, VII, XIII, and XVI.

## Background

The following allegations are taken from Aronov's fourth amended complaint.

In 2005, appellee Sound Connection Distributors, Inc. ("Sound"), acquired property located at 2801 Greene Street in Hollywood, Florida ("the Property"). In 2018, Shimon Swissa ("Swissa"), Sound's then-president and principal shareholder, formed appellee 2801 Greene Street, LLC ("Greene") to develop the Property. Greene's original members were Swissa (now deceased), Sound, JCD Florida, LLC ("JCD"), Nibor Development, Inc. ("Nibor"), and CPP Family Trust ("CPP"). Greene was governed by a "Shareholders' & Management Agreement" ("the Greene Agreement").

Aronov was introduced to Swissa, who, in his individual capacity and as Sound's principal, provided Aronov with information about Greene, including information about how Aronov could pay to join Greene and replace Nibor and CPP as members of Greene. Aronov and Swissa verbally agreed that Aronov would pay Swissa and Swissa would buy out Nibor and CPP's membership interests in Greene. Aronov and Swissa also agreed that Aronov would pay Swissa $3.3 million "over a period of time in specific, pre-set tranches."

Swissa told Aronov that he would amend the Greene Agreement to include Aronov as a 50% member of Greene and that Aronov would receive 50% of the Property and 50% of the rental income collected from the Property. Swissa also stated that he and Sound would transfer the Property from Sound to Greene. In reliance on those statements, Aronov transferred $1.6 million to J.T. Law PLLC ("J.T. Law") to be held in trust for the investment in Greene. Aronov authorized J.T. Law to release the funds to Swissa in exchange for Swissa amending the Greene Agreement to make Aronov a 50% member of Greene. Swissa received and accepted the funds that had previously been transferred to J.T. Law, and Swissa used some of the funds to buy out Nibor and CPP's membership interests in Greene. Swissa also used some of the funds to repay a loan from his brother and/or pay down the mortgage on his personal residence.

In 2019, Nibor and CPP both relinquished their interests in Greene. Although Swissa assured Aronov that Aronov would be added as a member

2

of Greene, Swissa passed away before transferring the Property to Greene and before providing Aronov with the 50% membership interest in Greene.

Before Swissa passed away, Aronov filed suit against Swissa and Sound, asserting claims for unjust enrichment, breach of fiduciary duty, fraudulent misrepresentation, and breach of contract. Sound and Swissa moved to dismiss the complaint for failure to attach the relevant contracts and for failure to state a claim. Aronov agreed to dismissal of the complaint without prejudice, and the circuit court granted the motion.

Aronov timely filed a first amended complaint which Sound and Swissa moved to dismiss for failure to state a claim. The circuit court granted the motion without prejudice, ruling that the first amended complaint failed to state a claim and that the complaint's allegations were contrary to the exhibits.

Aronov filed a second amended complaint and again Sound and Swissa moved to dismiss for failure to state a claim. The circuit court granted in part and denied in part the motion to dismiss the second amended complaint, providing Aronov thirty days to file a third amended complaint.

Aronov filed a third amended complaint against Swissa and Sound. Swissa and Sound again moved to dismiss. Before the circuit court could rule on the motion to dismiss, Swissa died, and Aronov filed a fourth amended complaint, substituting the Estate of Shimon Swissa ("the Estate") as a defendant. The fourth amended complaint, brought against Sound, the Estate, the Trust of Shimon Swissa ("the Trust"), Yackov Swissa, as trustee of the Trust, Yackov Swissa, individually, and Greene, asserted the following claims: partition (count I), declaratory judgment (count II), fraudulent misrepresentation (count III), fraudulent inducement (count IV), negligent misrepresentation (count V), violation of section 501.201, Florida Statutes (the Florida Deceptive and Unfair Trade Practices Act) (count VI), breach of oral contract (count VII), breach of written contract (count VIII), rescission of written contract (count IX), declaratory judgment (count X), specific performance (count XI), breach of the covenant of good faith and fair dealing (count XII), promissory and equitable estoppel (count XIII), constructive trust (count XIV), equitable lien (count XV), unjust enrichment (count XVI), and temporary and permanent injunctive relief (count XVII).

The fourth amended complaint attached several documents, including: (1) the 2005 Warranty Deed for the Property, (2) the 2023 Amended Annual Report for Sound, (3) the Greene Agreement, and (4) handwritten notes that allegedly were a written contract between Swissa and Aronov.

Sound moved to dismiss the fourth amended complaint for failure to state a claim. Following a hearing on the motion, the circuit court ruled that the fourth amended complaint failed to state a cause of action and that the allegations were inconsistent and contrary to the complaint's exhibits. The circuit court entered an order granting the dismissal of the fourth amended complaint with prejudice. On appeal, Aronov challenges the circuit court's dismissal order.

## Analysis

We review orders of dismissal de novo. *Golden v. Jones*, 194 So. 3d 1060, 1062 (Fla. 4th DCA 2016). Orders of dismissal with prejudice after multiple attempts at amendment are reviewed for abuse of discretion. *Gerstein v. Int'l. Asset Value Grp., LLC*, 199 So. 3d 979, 981-82 (Fla. 4th DCA 2016) (citing *Barrett v. City of Margate*, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999)). "Dismissing an action with prejudice due to defective pleading is not proper unless the plaintiff has been given an opportunity to amend." *Id.* at 982 (quoting *Barrett*, 743 So. 2d at 1162). "Although there is no magical number of amendments which are allowed, dismissal of a complaint that is before the court on a third attempt at proper pleading is generally not an abuse of discretion." *Id.* (quoting *Barrett*, 743 So. 2d at 1162). *See Eagletech Commc'ns, Inc. v. Bryn Mawr Inv. Grp., Inc.*, 79 So. 3d 855, 866 (Fla. 4th DCA 2012) ("the trial court abused its discretion in dismissing its complaint with prejudice rather than with leave to amend"); *Horton v. Freeman*, 917 So. 2d 1064, 1066 (Fla. 4th DCA 2006) ("[T]rial courts must generally afford a litigant an opportunity to cure a defect in the pleading before dismissing it with prejudice."); *Gladstone v. Smith*, 729 So. 2d 1002, 1003 (Fla. 4th DCA 1999) ("A claim should not be dismissed with prejudice without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action.") (citation and quotation marks omitted).

When reviewing an order dismissing a complaint, we accept the well-pled allegations in the complaint as true and draw all reasonable inferences in the pleader's favor. *Riverwalk at Sunrise Homeowners Ass'n. Inc. v. Biscayne Painting Corp.*, 199 So. 3d 348, 350 (Fla. 4th DCA 2016). Where allegations in a complaint are negated by the complaint's own attachments, the complaint is subject to dismissal. *Buck v. Kent Sec. of Broward, Inc.*, 638 So. 2d 1004, 1004 (Fla. 4th DCA 1994).

4

### The Circuit Court Correctly Dismissed the Breach of Written Contract Claim Because the Handwritten Document Attached to Complaint Lacks Sufficient Specification of Essential Terms to Constitute a Contract

We affirm the circuit court's dismissal of count VIII for breach of written contract. The handwritten document attached to the fourth amended complaint that Aronov purports is a written contract lacks sufficient specification of essential terms to constitute a contract. Without the essential terms, no meeting of the minds could occur, and thus Aronov's claim for breach of written contract fails. *See Bus. Specialists, Inc. v. Land & Sea Petroleum, Inc.*, 25 So. 3d 693, 695 (Fla. 4th DCA 2010) ("[A] meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract . . . ." (quoting *Acosta v. Dist. Bd. of Trs. of Miami-Dade Cmty. Coll.*, 905 So. 2d 226, 228 (Fla. 3d DCA 2005))).

### The Circuit Court Correctly Dismissed Claims Barred by the Statute of Frauds

We affirm the circuit court's dismissal of the portions of counts III, IV, V, VI, VII, XIII, and XVI which are based on the allegation that the Property should have been transferred to Greene. Those claims are barred by the statute of frauds, section 725.01, Florida Statutes, which requires that an agreement regarding real property be in writing and signed by the party to be charged. *See Shore Holdings, Inc. v. Seagate Beach Quarters, Inc.*, 842 So. 2d 1010, 1012 (Fla. 4th DCA 2003) (holding that promissory estoppel claim did not survive the statute of frauds); *see also Brickell Townhouse, Inc. v. Hirschfield*, 404 So. 2d 153, 155 (Fla. 3d DCA 1981) (holding that agreement to convey apartment absent a written contract is barred by the statute of frauds).

### The Circuit Court Correctly Dismissed the Declaratory Relief Claim

We also affirm the circuit court's dismissal of count X for declaratory relief. In count X, Aronov sought declarations as to ultimate legal issues, such as whether Swissa, Greene, and Sound breached agreements. The circuit court properly dismissed count X because declaratory relief is not a substitute for a common law cause of action. *See Lyons v. Capi*, 188 So. 2d 909, 910 (Fla. 4th DCA 1966) (holding declaratory relief was improper because "[t]he usual, normal and historic common law action is an appropriate, adequate and complete method of determining [the] issue").

### The Circuit Court Correctly Dismissed Claims Not Specifically Argued on Appeal

Aronov's appellate brief does not specifically challenge the circuit court's dismissal of counts I, IX, XI, XII, XIV, XV, and XVII, other than to argue that dismissal of these counts should have been without prejudice. The failure to raise specific arguments on appeal requires affirmance. *See Lynn v. City of Ft. Lauderdale*, 81 So. 2d 511, 513 (Fla. 1955); *Snipes v. W. Flagler Kennel Club, Inc.*, 105 So. 2d 164, 165 (Fla. 1958); *Hammond v. State*, 34 So. 3d 58, 59 (Fla. 4th DCA 2010) ("Claims for which an appellant has not presented any argument, or for which he provides only conclusory argument, are insufficiently presented for review and are waived."); *Fla. Hometown Democracy, Inc. v. Cobb*, 953 So. 2d 666, 672 (Fla. 1st DCA 2007) ("The point of an appellate brief is to present arguments in support of the points on appeal, and without further elucidation on the arguments, this court may not engage in meaningful appellate review."); *Duest v. Dugger*, 555 So. 2d 849, 852 (Fla. 1990) ("The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived."). Because the circuit court provided Aronov multiple attempts to amend counts I, IX, XI, XII, XIV, XV, and XVII, we hold the circuit court did not abuse its discretion in dismissing these counts with prejudice.

### The Circuit Court Erred by Dismissing Claims that Sufficiently Stated a Claim

We reverse the circuit court's dismissal of the entirety of count II and the remaining portions of counts III, IV, V, VI, VII, XIII, XVI, as these counts include sufficient factual allegations to state a claim. As to count XVI, we recognize that a plaintiff generally cannot recover under an implied contract theory, such as unjust enrichment, if an express contract exists. *See Fulton v. Brancato*, 189 So. 3d 967, 969 (Fla. 4th DCA 2016) (stating that a plaintiff cannot recover for unjust enrichment or quantum meruit "if an express contract exists"). However, at the pleading stage, a plaintiff may plead breach of contract and unjust enrichment in the alternative. *See* Fla. R. Civ. P. 1.110(g) (providing that a party may state claims in the alternative and that "[a] party may also state as many separate claims or defenses as that party has, regardless of consistency and whether based on legal or equitable grounds or both").

Further, we reject Sound's argument that the fourth amended complaint failed to state a claim for unjust enrichment or breach of oral contract as to the statements that Swissa agreed to amend the Greene Agreement and make Aronov a member of Greene. The fourth amended complaint alleged: Swissa and Aronov agreed that Aronov would pay

Swissa money; Aronov paid $1.6 million to J.T. Law to be held in trust for Swissa; Swissa accepted the $1.6 million; Swissa used a portion of the $1.6 million to buy out Nibor and CPP's interests in Greene; and Swissa and Aronov agreed that Aronov would pay $3.3 million to Swissa over time. Sound misinterprets the fourth amended complaint to require that Aronov pay $3.3 million to Swissa before Aronov would be entitled to enforce the parties' agreement. Thus, accepting the allegations in the fourth amended complaint as true and drawing all inferences in Aronov's favor, as we are required to do at the motion-to-dismiss stage, Aronov and Swissa agreed that Aronov would pay money, the amount Swissa accepted from Aronov was $1.6 million, and Swissa took actions consistent with the parties' agreement in exchange for that $1.6 million, such as buying out CPP and Nibor's interests in Greene.

Finally, as to all counts, although the circuit court ruled that the documents attached to the fourth amended complaint were contrary to the complaint's allegations, we are unable to reach that same conclusion, as the meaning of the document attached to the written complaint purporting to be the written contract is unclear.

## Conclusion

Accordingly, we affirm the circuit court's dismissal of the entirety of counts I, VIII, IX, X, XI, XII, XIV, XV, and XVII and the portions of counts III, IV, V, VI, VII, XIII, XVI relating to the transfer of real property, and we reverse the circuit court's dismissal of the entirety of count II and the remaining portions of counts III, IV, V, VI, VII, XIII, and XVI.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*

FORST and KLINGENSMITH, JJ., concur.

\*     \*     \*

**Not final until disposition of timely-filed motion for rehearing.**

7